IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLIE ROBIN SPRIGGS,<br><br>Defendant. | Case No. 6:18-cr-00177-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Now before the Court is defendant Hollie Spriggs' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 135. For the reasons set for below, the motion is DENIED.

## BACKGROUND

On March 11, 2019 defendant plead guilty to conspiracy to distribute five or more grams of actual methamphetamine and 50 grams or more of a mixture (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 21 U.S.C. §§ 846); possession with intent to distribute five or more grams of methamphetamine (21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(viii)); possession with intent to distribute fifty or more grams of a methamphetamine mixture (21 U.S.C, §§ 841(a)(1), (b)(1)(B)(viii)); possession with intent to distribute a mixture containing methamphetamine (21 U.S.C. §§ 841(a)(1), (b)(1)(C)); and violating the terms of her supervised release in Case Nos. 3:09-cr-00507-3-AA and 6:17-cr-00108-1-AA. ECF No. 67.

On August 5, 2019, this Court sentenced defendant to sixty months in custody with a four-year term of supervised release to follow. ECF. No. 88 and 89. This sentence also ran concurrent with the sanctions imposed in her supervised release cases. Defendant has been serving her sentence at FCI Dublin with a projected release date of June 29, 2022.

Defendant filed the present motion for compassionate release on October 30, 2020. The Court held oral argument on the motion on November 19, 2020. ECF No. 147.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step

Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, ... but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Here, the government does not dispute that defendant has exhausted her administrative remedies through the BOP. Accordingly, this motion is properly before the Court.

Defendant argues that her underlying health conditions in the face of the 2019 novel coronavirus (COVID-19) pandemic presents extraordinary and compelling reasons which justify reducing her sentence to one of time served. Defendant is 37-year-old African American women who suffers from asthma. She has also presented evidence that conditions at FCI Dublin do not allow her to adequately ensure that she will not contract COVID-19. At the time defendant filed her motion, FCI Dublin was under "lockdown" COVID-19 protocols.

The government concedes that defendant's asthma could put her at higher risk of developing complications from COVID-19. However, the government also notes that defendant is relatively young, and her asthma appears to be managed appropriately.

The Court does not find that extraordinary and compelling reasons exist at this time to warrant a sentence reduction. Defendant's age does not put her at an elevated risk, and there is currently only one active case of COVID-19 among inmates at FCI Dublin. Also, vaccines are being made available to inmates in federal institutions.

Further, even if the Court were to find extraordinary and compelling reasons, the sentencing factors outlines in 18 U.S.C. § 3553(a) weigh against release.[1] Defendant's advisory guideline range at sentencing was 100 to 125 months in custody, and she received a significant downward departure to her ultimate sentence of 60 months. Moreover, the significant present offenses were committed while defendant was on supervised release for other federal convictions which also carried lengthy sentences.

## CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (ECF No. 135) is DENIED.

/ / /

/ / /

/ / /

---

[1] In imposing a sentence which is "sufficient, but not greater than necessary," a court considers, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).

The Court also recognizes that circumstances can change quickly, so this denial is without prejudice. Defendant may file a renewed motion if her circumstances change and, especially, if the COVID-19 infection rate begins rising again at FCI Dublin.

IT IS SO ORDERED.

Dated this 28th day of May 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge